**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division**

ANTHONY QUINN WHEELER JR.
1919 Winder Rd.
Baltimore, MD 21244

   Plaintiff,             Case No.

  -against-

GIANT OF MARYLAND LLC,
803 Professional Pl. #115
Landover, MD 20785

  Defendant.

**NOTICE OF REMOVAL**

 GIANT OF MARYLAND LLC ("Giant" or "Defendant"), pursuant to 28 U.S.C. §§ 1331 and 1446, submit the following Notice of Removal with respect to the above-captioned case, which was filed in the Circuit Court for Baltimore County, Case No. Case No. C-03-CV-23-001953. In support of this Notice of Removal, Defendant states the following:

**Background**

 1. On or about May 10, 2023, Plaintiff Anthony Quinn Wheeler, Jr. ("Plaintiff") commenced a civil action against Defendant by filing a Complaint in the Circuit Court for Baltimore County, Case No. C-03-CV-23-001953, captioned *Anthony Quinn Wheeler Jr. v. Giant of Maryland LLC*.

 2. On May 22, 2023, Plaintiff served the Summons and Complaint on Defendant via personal service upon its agent for service of process, CSC. Attached to the Complaint were three additional documents, titled: "Correspondence Request to Subpoena;" "Correspondence;" and "Correspondence Negotiation," A true and correct copy of the Summons and Complaint, "Correspondence Request to Subpoena," "Correspondence," and "Correspondence Negotiation,"

which constitutes "all summons, pleadings, and orders" served upon Defendant in the state court action, is attached as **Exhibit 1**.

3. Pursuant to Local Rule 103.5, Defendant certifies that copies "of all process, pleadings, documents, and orders which have been served upon [it]" are attached as Exhibit 1.

4. Because Defendant filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S. § 1446(b).

5. Plaintiff alleges claims against Defendant for discrimination, "wrongful termination," and harassment in violation of 42 U.S.C. § 1981.

I. **This Case is Removable Based Upon Federal Question Jurisdiction.**

6. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."

7. This action is a civil action in which Plaintiff alleges that he has been discriminated against, wrongfully terminated, and harassed in violation of 28 U.S.C. § 1981. *See* Compl.

8. Based on the foregoing, this Court has original jurisdiction over Plaintiff's claim. *See* 28 U.S.C. § 1331.

II. **This Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

9. Plaintiff also alleges state law claims against Defendant for "tort," breach of contract, wrongful termination, and defamation.

10. This Court has supplemental jurisdiction over Plaintiff's state law "tort," breach of contract, wrongful termination, and defamation claims because they are so related to Plaintiff's claims pursuant to 42 U.S.C. § 1981 "that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall

have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...."). Indeed, Plaintiff asserts the same set of facts for all of his claims.

11. Thus, this case will involve the same witnesses, presentation of the same evidence, and a determination of the same, or very similar, facts.

### III. Notice of Removal on State Court

12. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, and will serve a copy thereof on Plaintiff, pursuant to 28 U.S.C. §1446(d). A copy of this Notice is attached hereto as **Exhibit 2.**

### Conclusion

13. Based on the foregoing, this Court has original jurisdiction over this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

14. Therefore, the Court may properly exercise jurisdiction over this lawsuit. 28 U.S.C. §1441(a).

WHEREFORE, Defendant requests that the above-described action pending against them be removed to this Court.

Dated: June 20, 2023                                  Respectfully submitted,

                                                      GIANT OF MARYLAND, LLC

                                                      *By: /s/ Raymond C. Baldwin*
                                                      Raymond C. Baldwin (Bar No. 25449)
                                                      rbaldwin@seyfarth.com
                                                      Samantha L. Brooks (Bar No. 20264)
                                                      sbrooks@seyfarth.com
                                                      SEYFARTH SHAW LLP

                                              975 F Street, NW  
                                              Washington, DC 20004  
                                              (202) 828-3560  
                                              Fax: (202) 641-9029  
                                              *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Notice of Removal was electronically filed via CM/ECF and served via first-class mail, postage prepaid, this 20th day of June, 2023, upon

> ANTHONY QUINN WHEELER JR.
> 1919 Winder Rd.
> Baltimore, MD 21244
>
> *Plaintiff, Pro Se*

I also certify that I have caused a copy of this Notice of Removal to be filed with the Clerk of the Circuit Court for Baltimore County in accordance with 28 U.S.C. 1446(d) and have filed herewith as **Exhibit 1** all process, pleadings and orders served upon or by Defendant pursuant to 28 USC 1446(a).

*/s/ Raymond C. Baldwin*